OPINION
{¶ 1} Carl E. Papalevich is appealing from his convictions on a charge of robbery as a felony of the third degree. He assigns a single error for our consideration:
 THE VERDICT IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 2} Robbery, as a felony of the third degree, is defined by R.C. 2911.02(A)(3) as follows: *Page 2 
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 * * *
 (3) Use or threaten the immediate use of force against another.
 {¶ 3} Papalevich encountered Lauren Nairn on April 20, 2008 as she was getting out of her car. Papalevich told her to "give me your fucking stuff" and grabbed her arm. After a brief struggle, the things she had in her hands fell to the ground. Papalevich grabbed one of the items, a cigarette case, and ran off. He was arrested a few minutes later.
 {¶ 4} The elements of robbery as a felony of the third degree are all present. A cigarette case was stolen. Papalevich used force in the process of obtaining Nairn's "stuff."
 {¶ 5} The jury verdict was fully supported by the weight of the evidence. The evidence was more than sufficient to support the verdict.
 {¶ 6} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH, P.J., and McGRATH, J., concur. *Page 1